**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jermel Rashond Daniels, Appellant.

Appellate Case No. 2013-001210

———————————

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-476
Submitted October 1, 2014 – Filed December 23, 2014

———————————

**AFFIRMED**

———————————

Appellant Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Salley W. Elliott, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Wise*, 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court[,] and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice. . . . An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980) ("[T]he special procedural safeguards outlined in *Miranda* are required not where a suspect is simply taken into custody, but rather where a suspect in custody is subjected to interrogation. . . . [T]he *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."); *Arizona v. Mauro*, 481 U.S. 520, 529 (1987) ("'Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence.'" (quoting *Miranda v. Arizona*, 384 U.S. 436, 478 (1966))); *State v. Franklin*, 299 S.C. 133, 138, 382 S.E.2d 911, 914 (1989) ("The trial [court's] determination of the voluntariness of a statement must be made on the basis of the totality of the circumstances, including the background, experience and conduct of the accused.").

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.